UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMIE CARSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, <br><br> Defendant. | CAUSE NO. 3:21-CV-807-JD-MGG |

OPINION AND ORDER

Jamie Carson, Sr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Carson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Carson is an inmate at Indiana State Prison ("ISP"). He alleges that on November 7, 2019, Warden Ron Neal had him taken to the restrictive housing unit,

where he was held for 12 days.[1] He claims that during that period, he was subjected to unduly harsh conditions, including being denied bed linens, soap, toothpaste, a toothbrush, and eating utensils. He further complains he was subjected to "freezing temperatures," and "constant lighting" making it difficult for him to sleep. Based on these events, he sues Warden Neal for damages.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). The Eighth Amendment requires inmates to be provided with "humane conditions of confinement," which includes being given "adequate food, clothing, [and] shelter." *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021). "Some conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). "Generally speaking," however, "challenges to conditions of confinement cannot be aggregated and considered in combination unless they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise[.]" *Johnson v. Prentice*, ---F.4th---, 2022 WL 966879, at

---

[1] In a prior lawsuit, Mr. Carson described the circumstances leading to his placement in restrictive housing. *See Carson v. McCormick*, 3:20-CV-132-DRL-MGG (N.D. Ind. closed July 7, 2020.) On November 7, 2019, case worker Sara McCormick wrote him up for a disciplinary infraction, alleging that he had thrown a food tray at her while she was making her rounds. A disciplinary hearing officer ultimately found him not guilty, concluding that the tray had fallen and was not thrown. He sued his case worker for "malicious prosecution" and other wrongdoing, but the case was dismissed under 28 U.S.C. § 1915A.

*6 (7th Cir. 2022) (citation and internal quotation marks omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. To satisfy this standard, "the official must have actually known of and consciously disregarded a substantial risk of harm." *Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022).

Here, Mr. Carson alleges that for 12 days, he could not brush his teeth or wash his hands after using the toilet. He further alleges that because he had no eating utensils, he had to eat with his hands during this period even though they were unclean. He claims he was also denied showers and clean clothes. He additionally claims that the temperature in the cell was "freezing," but he was given no bed linens and was subjected to "constant" lighting 24 hours a day. This combination of circumstances plausibly alleges the denial of the minimal civilized measures of life's necessities related to his need for adequate hygiene and sleep. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (Eighth Amendment concerns are triggered when inmate is subjected to low cell temperature at night combined with a lack of blankets); *Mejia v. Pfister*, 988 F.3d 415, 418 (7th Cir. 2021) (inmate stated claim that continuous bright lighting impacted his ability to sleep); *Gillis*, 468 F.3d at 493 (inmates are entitled to adequate soap and other articles of personal hygiene). Although these conditions did not persist for an excessively long period, the court concludes that he has alleged enough to satisfy the objective prong at the pleading stage.

On the other hand, he describes other conditions that are not sufficiently serious to trigger constitutional concerns. He complains he was not allowed telephone calls or

3

visits with family while in restrictive housing, but temporary restrictions on visitation do not give rise to a constitutional claim. *Block v. Rutherford*, 468 U.S. 576, 586-87 (1984). He mentions not being able to speak to an "attorney," but does not include any allegations to plausibly suggest that he had a need to speak with an attorney during this brief period or that the restriction otherwise interfered with his Sixth Amendment right to counsel. *See Murphy v. Walker*, 51 F.3d 714, 718 (7th Cir. 1995). He complains that he had no outside recreation, but a 12-day restriction on recreational privileges does not violate the Constitution. *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001). Nor does a temporary disruption of his mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (sporadic or isolated interruptions to prisoner's mail do not trigger a constitutional claim). He mentions that his "legal mail" was interrupted; this type of mail is entitled to greater protection, but "legal mail" is a term of art that refers to mail to or from the inmate's legal counsel that is clearly identified as such on the envelop. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). Legal mail cannot be opened outside the inmate's presence so as to protect his Sixth Amendment right to counsel. *Id.* Mr. Carson does describe the mail he is referring to, nor does he allege that prison staff opened or tampered with mail sent to or from his attorney that was clearly designated as such. He will not be permitted to proceed further with respect to any of these alleged conditions.

On the subjective prong, Mr. Carson claims that it was Warden Neal who had him placed in restrictive housing and that the Warden was well aware of the conditions under which he was being housed. The complaint can be read to allege that the Warden purposely subjected him to these harsh conditions to punish him, even though he

4

claims he did nothing wrong.[2] He will be permitted to proceed past the pleading stage on an Eighth Amendment claim against the Warden.

For the reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his personal capacity on a claim for monetary damages for allegedly denying him adequate hygiene items, bedding, and clean clothing, and for exposing him to excessively cold temperatures and constant lighting during a 12-day period in November 2019 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

---

[2] He mentions that the Warden's office is equipped with surveillance video to monitor inmates in the restrictive housing unit, but the court does not find this factor definitive. Some of the adverse conditions he describes would not be readily visible (such as the cold temperatures), nor can the court plausibly infer that a high-ranking official like the Warden sat in his office 24 hours a day watching one inmate on surveillance video. Nevertheless, giving the complaint liberal construction, Mr. Carson includes other allegations that plausibly suggest the Warden was aware of the harsh conditions and intended to punish him for allegedly throwing a tray at his case worker.

the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 14, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT