UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMIE CARSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, <br><br> Defendant. | CAUSE NO. 3:21-CV-807-JD-JPK |

OPINION AND ORDER

Jamie Carson, Sr., a prisoner without a lawyer, is proceeding in this case "against Warden Ron Neal in his personal capacity on a claim for monetary damages for allegedly denying him adequate hygiene items, bedding, and clean clothing, and for exposing him to excessively cold temperatures and constant lighting during a 12-day period in November 2019 in violation of the Eighth Amendment[.]" ECF 8 at 5. Warden Neal filed a motion for summary judgment, arguing Carson did not exhaust his administrative remedies before filing suit. ECF 28. Carson filed a response and Warden Neal filed a reply. ECF 43, 44. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a

matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Warden Neal argues Carson did not exhaust his administrative remedies prior to filing this lawsuit because he did not submit any grievances regarding Warden Neal's alleged conduct in November 2019. ECF 29 at 9-10. Specifically, Warden Neal provides an affidavit from the prison's Grievance Specialist, who attests the grievance office has not received any grievances from Carson in association with the alleged conduct. ECF 29-1 at 5.

In his response, Carson concedes he never exhausted any grievance. ECF 43-1. Instead, he argues the grievance process was unavailable because he submitted a grievance regarding Warden Neal's conduct but never received any response from the grievance office. *Id*. Specifically, Carson provides a copy of a grievance dated November 19, 2019, in which he complained that Warden Neal had acted with deliberate indifference by wrongfully placing him in a single-man cell. ECF 43-2 at 5. Carson attests he provided this grievance form to his caseworker to submit to the grievance office but never received any response from the grievance office. *Id.* at 6-7. Moreover,

3

Carson attests he could not file an appeal because he never received any response or appeal form from the grievance office. *Id.* at 7.

In his reply, Warden Neal does not dispute that Carson submitted a grievance to his caseworker and received no response from the grievance office. ECF 44. The court therefore accepts that as undisputed. Instead, Warden Neal argues that, even assuming Carson submitted a grievance and received no response from the grievance office, he still had available remedies he did not exhaust because the grievance process required him to appeal the unanswered grievance as if it had been denied. *Id.* at 3-4. However, the Offender Grievance Process only provides that, "If the offender receives no grievance response within twenty (20) business days *of being investigated by the facility Offender Grievance Specialist*, the offender may appeal as though the grievance had been denied. ECF 29-2 at 11 (emphasis added). Here, because it is undisputed the Grievance Specialist never received or investigated Carson's grievance, there is no evidence the grievance process allowed Carson to appeal this grievance as if it had been denied. Thus, the undisputed facts show that either (1) Carson's caseworker made the grievance process unavailable by failing to submit his grievance to the grievance office, or (2) the grievance office made the grievance process unavailable by failing to respond to his grievance. Accordingly, because the undisputed facts show Carson attempted to submit a grievance related to his claim but his administrative remedies were not available, Warden Neal has not met his burden to show Carson had available administrative remedies he did not exhaust.

For these reasons, Warden Neal's motion for summary judgment (ECF 28) is DENIED.

SO ORDERED on February 6, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT